UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

AMMEX, INC., and AMMEX
DUTY FREE, LLC,

    Defendants,

and

AMMEX, INC.,

    Third-party Plaintiff,

v.

CABE AND CATO, INC., and
DONALD R. KOHLITZ,

    Third-party Defendants.
_____/

Case No. 11-14732

Hon. John Corbett O'Meara

## ORDER GRANTING THIRD-PARTY DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Before the court is third-party defendant Cabe & Cato, Inc.'s motion for judgment on the pleadings, filed February 15, 2012. Third-party plaintiff, Ammex, Inc., filed a response on March 14, 2012. Cabe & Cato filed a reply brief on March 26, 2012. The court heard oral argument on June 28, 2012, and granted the motion, for the reasons discussed below.

### BACKGROUND FACTS

Plaintiff filed her class action complaint on October 27, 2011, alleging that Defendants

Ammex, Inc., and Ammex Duty Free LLC violated the Electronic Fund Transfer Act by failing to post the mandatory fee notice on their ATM machine at 3400 West Lafayette Street, Detroit, Michigan. Along with the answer, Ammex, Inc., filed a third-party complaint against Cabe and Cato, Inc., and Donald R. Kohlitz, alleging claims of breach of contract, negligence, and indemnity. Ammex contends that Cabe and Cato ("C & C") and its agent, Kohlitz, were responsible for insuring that the proper notice was affixed to the ATM machine. C & C filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that Ammex's third-party claims should be dismissed.

## LAW AND ANALYSIS

I.   **Breach of Contract**

Ammex and C & C entered into an agreement on May 23, 2005, in which C & C agreed to provide ATM network access and services to Ammex. Ammex contends that the agreement requires C & C "to provide Ammex ATM notice requirement expertise and ATM inspections to insure that required ATM notices were in place at all times." Third-Party Compl. at ¶ 10. C & C argues that (1) the agreement has expired; and (2) the agreement actually obligates Ammex to inspect the ATM and to comply with all laws and regulations, not C & C. In any event, C & C points out that Ammex has failed to identify the specific provisions of the contract that have been breached.

Indeed, in its response brief, Ammex disputes C & C's characterization of Ammex's obligations under the agreement, but it does not identify any provision requiring C & C to provide "ATM notice expertise and ATM inspections," as alleged in the third-party complaint. See Ammex Resp. Br. at 4-7. Ammex's failure to identify the provision of the contract breached

by C & C is fatal to its contract claim. Accordingly, the court need not address whether the contract is expired.

## II. Negligence

Ammex alleges that C & C breached its duty to provide "notice requirement expertise and ATM inspections to Ammex." Third-Party Compl. at ¶ 22. C & C seek dismissal of this negligence claim because a negligence claim may not be based upon the mere breach of a contractual duty. See Fultz v. Union-Commerce Assoc., 683 N.W.2d 587, 591 (Mich. 2004) ("[A] tort action will not lie when based solely on the nonperformance of a contractual duty."); Beam v. Omark Indus., Inc., 237 S.E.2d 607, 611 (Ga. App. 1977) (same).[1] A breach of contract may give rise to a tort cause of action only if the defendant also breached an independent duty created by statute or common law. See Doty Commun., Inc. v. L.M. Berry & Co., 417 F. Supp.2d 1355, 1358 (N.D. Ga. 2006); Held Const. Co. v. Michigan Nat'l Bank of Detroit, 335 N.W.2d 8, 11 (Mich. App. 1982). Although Ammex suggests that a duty may arise separate from the parties' agreement, it does not identify the source of that duty. Indeed, the only potential source of any alleged duty to provide ATM notices and expertise is the parties' agreement. Ammex may not base its negligence claim solely on the alleged breach of a contractual duty. Accordingly, the court will grant C & C's motion as to the negligence claim.

## III. Indemnity

Ammex also claims that C & C has an obligation to indemnify it if Ammex is found to be liable to Plaintiff. C & C points out that the agreement actually requires Ammex to indemnify C

---

[1] The parties appear to dispute whether Georgia or Michigan law applies to the negligence claim; it is immaterial because the relevant law is the same.

& C.  See Agreement at ¶ 6, 11.  In response, Ammex argues that the provision requiring it to indemnify C & C is unenforceable.  Nowhere does Ammex identify the source of C & C's alleged indemnification obligation to it.  As C & C points out "[i]demnification obligations do not arise from thin air."  Ammex has failed to allege the necessary elements of an indemnification claim.[2]

## ORDER

IT IS HEREBY ORDERED that C & C's motion for judgment on the pleadings is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date: June 28, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 3, 2012, using the ECF system and/or ordinary mail.

s/Amanda Chubb for William Barkholz
Case Manager

---

[2] At the hearing, Ammex suggested that it was advancing a common law indemnity claim.  Ammex does not explain, however, how such a claim can survive the parties' specific contractual language disclaiming such liability.  See Agreement at ¶ 6 ("Neither C & C nor Agent shall have a duty of indemnity or contribution for a third-party claim against Merchant arising from the use of the Products or C & C's or Agent's performance of any Services hereunder.").

-4-